J. COLQUITT JACKSON, PETITIONER v. STANWOOD CORPORATION (FORMERLY CHADBOURN, INC.), A CORPORATION, RESPONDENT

No. 7726SC936

(Filed 7 November 1978)

Corporations § 32— dissent from corporate charter amendment—request for payment for shares—failure to petition for appointment of appraisers in apt time

Where a preferred corporate shareholder properly dissented from an amendment of the corporate charter which removed the dividend preference from his shares and made them noncumulative and thereafter sought payment from the corporation for the fair value of his stock, the thirty day period for negotiating the fair value of the shares provided by G.S. 55-113(d) and (e) began on the date the amendment to the corporate charter was effected, not at the end of the twenty day period after the date of the amendment vote in which he was allowed by G.S. 55-113(b) to make demand for payment, and the sixty day period during which the shareholder could petition for the appointment of appraisers under G.S. 55-113(e) began to run at the end of the thirty day negotiation period. Furthermore, the shareholder lost his right to payment for his shares where he did not file his petition for the appointment of appraisers within sixty days after the thirty day negotiating period had ended.

APPEAL by petitioner from *Baley, Judge.* Judgment entered 29 June 1977 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 23 August 1978.

This is an action in which a corporate shareholder dissented from a plan of corporate reorganization and thereafter sought payment from the corporation for the fair value of his stock. The petitioner, J. Colquitt Jackson, was the owner of 1,500 shares of the respondent corporation's $.46⅔ Cumulative Convertible Preferred Stock, Junior, Series A, $10 par value, on 30 April 1975. On that date he was notified that a special meeting of the shareholders of the respondent corporation was to be held, at which meeting the shareholders would vote on an amendment to the respondent's corporate charter. The amendment would reorganize the respondent corporation and require the exchange of each of the petitioner's shares of preferred stock for 1.3 shares of common stock and cancel all rights, preferences and accrued dividends of the preferred stock.

By letter dated 24 May 1975, the petitioner notified the respondent that he objected to the amendment and would vote his shares of preferred stock against the amendment and the plan

of reorganization it contained. The special shareholders' meeting was held on 11 June 1975, and the petitioner, by proxy, voted against the amendment. The amendment to the respondent's charter was passed by the shareholders, however, and was filed with the Secretary of State on 12 June 1975.

The petitioner gave notice to the respondent corporation on 17 June 1975 that he demanded payment of the fair value of his 1,500 shares of preferred stock in accordance with the provisions of G.S. 55-113(b). Following this written demand by the petitioner, the respondent and the petitioner were unable to agree upon the fair value of the petitioner's shares of preferred stock. The petitioner filed a petition on 29 September 1975 commencing this special proceeding and requesting an appraisal of his shares in accordance with the provisions of G.S. 55-113(e). The respondent corporation then moved for summary judgment on the ground that the petition was not filed within the time allowed by G.S. 55-113(e). From the trial court's order granting summary judgment for the respondent and dismissing the action, the petitioner appealed.

*Bailey, Brackett & Brackett, P.A., by Terry D. Brown, for petitioner appellant.*

*Helms, Mulliss & Johnston, by E. Osborne Ayscue, Jr., and N. K. Dickerson III, for respondent appellee.*

MITCHELL, Judge.

The petitioner assigns as error the act of the trial court in granting summary judgment for the respondent and dismissing the petition. In support of this assignment, the petitioner contends that he filed his petition for appraisal of his 1,500 shares of preferred stock within the sixty-day period provided in G.S. 55-113(e). We do not agree.

Article 8 of the North Carolina Business Corporation Act provides shareholders of a corporation who dissent from certain fundamental changes in the corporation's organization or structure the right to demand and receive payment from that corporation for the appraised value of their shares. G.S. 55-99 through 55-113.1. When a preferred shareholder, such as the petitioner, objects to an amendment to the corporate charter which would

reduce the dividend preference of his shares or make them non-cumulative, G.S. 55-101(b) grants him the rights of an objecting shareholder enumerated in G.S. 55-113. An objecting shareholder possessed of the rights enumerated in G.S. 55-113 may give the corporation written notice that he objects to the proposed amendment. This notice may be given either prior to or at the shareholders' meeting during which the vote on the amendment is taken. G.S. 55-113(b). Provided the shareholder votes against the amendment, he may make written demand on the corporation, within twenty days after the date on which the vote was taken, for payment of the fair value of his shares. G.S. 55-113(b). When the amendment to the charter is effected, the objecting shareholder becomes entitled to be paid by the corporation the fair value of his shares as of the day to the date on which the vote of the shareholders was taken. G.S. 55-113(b).

Although the shareholder becomes entitled to payment on the date the amendment is effected, he and the corporation must agree upon the fair value of the shares before payment can be made. In order that an agreement may be reached between the parties as to the fair value of the shares, a thirty-day negotiation period is provided, which commences when the amendment is effected and the shareholder becomes entitled to payment. G.S. 55-113(d) and (e).

If, after the thirty-day negotiation period has run, the parties remain unable to agree upon the fair value of the shares, the shareholder is granted an additional sixty days in which to file a petition in superior court seeking the appointment of three disinterested appraisers to determine the fair value of the shares. G.S. 55-113(e). If the shareholder fails to file the petition within the prescribed sixty days, he loses his right of payment.

In the case *sub judice*, the petitioner was a preferred shareholder who made timely written objection to an amendment which was to remove the dividend preference from his shares and change them from cumulative to noncumulative. The petitioner voted against the amendment. On 12 June 1975, the day after the vote of the shareholders, the amendment became effective. Five days later, on 17 June 1975, the petitioner made written demand upon the respondent corporation for payment of the fair value of his shares. These actions were clearly sufficient to entitle the petitioner to payment.

By his assignment of error, however, the petitioner has raised the issue of whether he lost his right to payment by failing to file a petition for the appointment of appraisers within the prescribed sixty-day period. The sixty-day period for filing a petition for the appointment of appraisers began at the end of the thirty-day negotiation period. Therefore, in determining when the sixty-day filing period ended, it is necessary to first determine when the thirty-day negotiation period began and ended. The statute clearly indicates that the thirty-day negotiation period began on the date upon which the petitioner became *entitled* to payment for his shares. G.S. 55-113(d). He became *entitled* to payment on the day upon which the amendment to the charter was *effected*. G.S. 55-113(b).

The parties stipulate that the amendment to the charter of the respondent corporation was *effected*, in accordance with the express provisions of the charter amendment, on 12 June 1975, the date upon which the amendment was filed with the Secretary of State. On 17 June 1975, the petitioner made written demand upon the respondent corporation for payment of the fair value of his shares. Having made the written demand of 17 June 1975, the petitioner became entitled to payment. The specific and unambiguous language of the statute caused this entitlement to relate back to and commence on 12 June 1975 when the amendment to the corporate charter was *effected*. G.S. 55-113(b).

The thirty-day negotiation period began to run at the time the petitioner became *entitled* to payment when the amendment to the corporate charter was *effected* on 12 June 1975. As 12 July 1975 fell on a Sunday, the thirty-day negotiation period expired on 13 July 1975. G.S. 1-593. At the conclusion of the thirty-day negotiation period, the sixty-day period during which the petitioner could file a petition for the appointment of appraisers began to run. This sixty-day filing period concluded on 11 September 1975. The petitioner failed to file his petition for the appointment of appraisers on or before this date. Instead, he filed his petition eighteen days later on 29 September 1975. No petition having been filed during the sixty-day period provided by statute, the petitioner's right of payment under G.S. 55-113 was extinguished.

The petitioner contends, however, that we should look past the literal meaning of the statute in order to effectuate the

overall intent of the legislature. The petitioner argues that the legislature intended the thirty-day negotiation period begin at the end of the twenty-day period in which the shareholder may make demand for payment and not at the time the amendment to the charter is effected and the shareholder becomes entitled to payment. However, when the language of a statute is clear and unambiguous, courts must give it its plain and definite meaning. *Lutz v. Board of Education*, 282 N.C. 208, 192 S.E. 2d 463 (1972). As the legislature has clearly and formally expressed its will through the statute in question, we are without power to superimpose conditions or limitations upon the statute and may not alter its clear meaning under the guise of construction. *Utilities Comm. v. Edmisten*, 291 N.C. 451, 232 S.E. 2d 184 (1977); *State v. Camp*, 286 N.C. 148, 209 S.E. 2d 754 (1974); *Board of Architecture v. Lee*, 264 N.C. 602, 142 S.E. 2d 643 (1965).

For the reasons previously stated herein, the petitioner's petition for appointment of appraisers was not timely filed. The entry by the trial court of summary judgment in favor of the respondent must be and is

Affirmed.

Judges VAUGHN and MARTIN (Robert M.) concur.