PEGGY D. NORRIS, INDIVIDUALLY AND WILLIAM DALE NORRIS BY HIS GUARD-IAN AD LITEM, PEGGY D. NORRIS v. HOME SECURITY LIFE INSURANCE COMPANY

No. 7813DC1032

(Filed 4 September 1979)

Insurance § 44.1 — hospital and medical policy — addition of newborn — no extension of coverage back to birth

Where a hospital, medical and surgical expense policy issued to a named insured was in effect when she gave birth to a son, the insured applied after the birth of her son to have the coverage of the policy extended to the son,

and the policy was thereafter endorsed to extend coverage to the son and the premium was increased to reflect this new coverage, the provisions of G.S. 58-251.4 did not cause the policy to extend coverage to insured's son back to the moment of his birth, since the statute applies only where there is a policy in effect at the birth of a child which provides coverage for the child.

APPEAL by plaintiffs from *Wood, Judge*. Judgment entered 8 August 1978 in District Court, COLUMBUS County. Heard in the Court of Appeals on 23 August 1979.

This is a civil action wherein plaintiff Peggy D. Norris seeks to recover $1,706.95 in hospital, surgical, and medical expenses allegedly incurred in the treatment of her son, William Dale Norris, who was born prematurely. Plaintiff alleged in her complaint that the defendant is obligated to pay this amount by virtue of a policy of insurance issued to her and made applicable to her dependent child by G.S. § 58-251.4. Defendant filed an answer denying liability for the amount claimed.

The parties stipulated to the following facts:

A comprehensive hospital, surgical, and medical expense policy # A446497 was issued to the plaintiff, Peggy D. Norris, on 1 September 1973. This policy was in full force and effect on 2 October 1975 when the minor plaintiff was prematurely born. On 4 October 1975, Peggy Norris signed a personal health declaration for an "Additional Member" for this insurance policy. On 14 October 1975, the following endorsement was typed on the back of the policy of insurance:

Upon written request of the insured, William Dale Norris, Son, is added as a member of the insureds family and is insured under this policy as provided in the policy. In consideration for this change, the monthly premium is increased from $16.70 to $24.25 effective November 1, 1975. Dated at Durham, North Carolina this 14th day of October, 1975.

S / Chris C. Hamlet
Vice Pres. and Secretary

The parties also stipulated that the sole issue for determination was whether the medical insurance policy provided coverage to the minor child in light of the provisions of G.S. § 58-251.4. Based on the stipulated facts, the court concluded that coverage

was not afforded to the child, and entered an Order dismissing the plaintiffs' claim. Plaintiffs appealed.

*Soles and Phipps, by R. C. Soles, Jr., for plaintiff appellants.*

*McGougan and Wright, by D. F. McGougan, Jr., for defendant appellee.*

HEDRICK, Judge.

Plaintiff contends that the provisions of G.S. § 58-251.4 cause the policy of insurance issued to her to also extend coverage to her minor child from the moment of his birth. We disagree. Such a result would contravene the plain and express language contained in G.S. § 58-251.4 which provides as follows:

> Every policy of insurance and every hospital service or medical service plan as defined in Chapter 57 of the General Statutes (regardless of whether any of such policies or plans shall be defined as individual, family, group, blanket, franchise, industrial or otherwise) which provides benefits on account of any sickness, illness, or disability of any minor child or which provides benefits on account of any medical treatment or service authorized or permitted to be furnished by a hospital under the laws of this State to any minor child shall provide such benefits for such occurrences beginning with the moment of birth of such child if such birth occurs while said policy or subscriber contract with such a plan is in force.

It is a fundamental principle that when the language of a statute is clear and unambiguous, there is no room for judicial construction and the courts must give it its plain and definite meaning, and are without power to interpolate, or superimpose, provisions and limitations not contained therein. *State ex rel. Utilities Commission v. Edmisten*, 291 N.C. 451, 232 S.E. 2d 184 (1977); *State v. Camp*, 286 N.C. 148, 209 S.E. 2d 754 (1974); *Jackson v. Stanwood Corp.*, 38 N.C. App. 479, 248 S.E. 2d 576 (1978).

In the present case, the policy of insurance in question was issued to Peggy D. Norris, insured her for hospital, medical, and surgical expenses and was in full force and effect when she gave birth to William Dale Norris. Subsequent to the birth of her son, Peggy Norris made application to have the insurance policy in-

clude her newborn child. The policy was thereafter endorsed to extend coverage to William Norris, and her premium was increased to reflect this new coverage. Plaintiff now contends, in effect, that the policy should be retroactive and pay for expenses incurred prior to the time she applied for the increased coverage.

G.S. § 58-251.4 expressly provides, "Every policy of insurance . . . which provides benefits on account of any sickness, illness, or disability of any minor child . . . shall provide such benefits for such occurrences beginning with the moment of birth of such child *if such birth occurs while said policy or subscriber contract with such a plan is in force*." [Emphasis added.] In the present case, it is undisputed that at the time the minor plaintiff was born, there was no policy in effect that provided benefits for the child. Thus, this statute has no application in the present case.

For the reasons stated, the Order appealed from is affirmed.

Affirmed.

Judges VAUGHN and ARNOLD concur.