STATE OF NORTH CAROLINA EX REL. COMMISSIONER OF INSURANCE v. NORTH CAROLINA RATE BUREAU, CENTRAL MUTUAL INSURANCE COMPANY, GREAT AMERICAN INSURANCE COMPANY, IOWA NA-TIONAL MUTUAL INSURANCE COMPANY, STATE CAPITAL INSURANCE COMPANY, AND UNITED STATES FIRE INSURANCE COMPANY

IN THE MATTER OF A FILING DATED JUNE 30, 1978, BY THE NORTH CAROLINA RATE BUREAU FOR A PREMIUM LEVEL REVISION ON THE HOMEOWNER'S PROGRAM, DOCKET NO. 281

No. 7910INS58

(Filed 20 November 1979)

Insurance § 116— homeowners insurance—erroneous disapproval of rate filing

Order of the Commissioner of Insurance disapproving an entire rate filing for homeowners insurance is vacated and set aside.

Judge ERWIN dissents

APPEAL by the North Carolina Rate Bureau and named companies from an order of the Commissioner of Insurance issued 21 September 1978. Heard in the Court of Appeals 25 September 1979.

This case arises out of a filing made on 30 June 1978 by the North Carolina Rate Bureau on its own behalf and on behalf of its member companies writing homeowners insurance in North Carolina. The filing provided for a 9.1 percent average increase in homeowners insurance rates and provided for a change in various relativities for classifications. Hearings were conducted by the Commissioner of Insurance on 30 August 1978. An order disapproving the entire filing was issued by the Commissioner on 21 September 1978.

*Attorney General Edmisten, by Assistant Attorney General Isham B. Hudson, Jr., for the State.*

*Young, Moore, Henderson & Alvis, by Charles H. Young and William M. Trott, for defendant appellants.*

VAUGHN, Judge.

The dissent in this case makes it reasonably certain that the final disposition of the appeal will be determined by the Supreme Court. We will not, therefore, attempt to recapitulate the evidence or set out a detailed statement of the reasoning that leads us to the conclusion that the order is so affected by errors of law that it must be vacated. The errors of law include the following:

(1) The Commissioner's conclusions that the data submitted had not been "audited" and that it, therefore, is not reliable cannot be sustained in the light of all of the evidence offered in connection with that question in this case.

(2) The portion of his order respecting investment income is erroneous in that, among other things, it does not relate to actual investment income but to some theoretical income that might have been realized if the funds had been invested according to the notions of the Commissioner. Specifically, the order recites: "76. That it is the hypothetical figure — What the risk avoiding insurer could have earned, rather than actual investment results — that should be used in the rate making process."

(3) The Commissioner's determination that the Rate Bureau failed to offer substantial evidence in support of the filing is erroneous and not supported by the record.

(4) The findings and conclusions of the Commissioner are unsupported by material and substantial evidence in view of the entire record.

(5) When the order is considered in the light of the whole record and applicable statutes, it exceeds the statutory authority of the Commissioner.

For the reasons stated, the order is vacated and set aside. The rates established by the 30 June 1978 filing remain in effect. Upon final judicial determination of this appeal the sums placed in escrow by each member shall be released and returned to that member.

Vacated.

Judge HILL concurs.

Judge ERWIN dissents.