STATE OF NORTH CAROLINA, EX REL. COMMISSIONER OF INSURANCE v.
NORTH CAROLINA RATE BUREAU, TRAVELERS INSURANCE COM-
PANY, AETNA CASUALTY & SURETY COMPANY, AMERICAN
MUTUAL LIABILITY INSURANCE COMPANY, STANDARD FIRE IN-
SURANCE COMPANY, HOME INSURANCE COMPANY, HOME INDEMNI-
TY INSURANCE COMPANY, LIBERTY MUTUAL FIRE INSURANCE
COMPANY, LIBERTY MUTUAL INSURANCE COMPANY, LUMBERMENS
MUTUAL CASUALTY COMPANY, UNITED STATES FIDELITY &
GUARANTY COMPANY, AMERICAN MOTORISTS INSURANCE COM-
PANY, FIDELITY & GUARANTY INSURANCE UNDERWRITERS,
TRAVELERS INDEMNITY COMPANY, MARYLAND CASUALTY COM-
PANY, TRAVELERS INDEMNITY COMPANY OF RHODE ISLAND,
PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COM-
PANY

No. 8110INS236

(Filed 17 November 1981)

1. **Insurance § 1; Master and Servant § 80— workers' compensation rate fil-
ing — disapproval because proposed rates are inadequate**

    A Deputy Commissioner of Insurance erred in ruling that he was preclud-
    ed by G.S. 58-124.19(1) from approving a workers' compensation insurance rate
    filing because the rates proposed in the filing were "inadequate" in that they
    will not produce premiums adequate to cover all the costs of losses and ex-
    penses.

2. **Insurance § 1; Master and Servant § 80— insurance rate filing—meaning of
"sufficient" and "inadequate"**

    In enacting the provisions of G.S. 58-124.19(1), the legislative intent was
    that the term "inadequate" operates to protect the interest of insurance com-
    panies in achieving rate levels which are sufficient for them to earn a
    reasonable profit, while the term "excessive" operates to protect the interest
    of consumers in being offered rates which will not enable insurance companies
    to earn unreasonable profits. In this context, the limiting effect of the term
    "inadequate" as it is used in the statute is that the Commissioner of Insurance
    may not disapprove of such portions or parts of a filing as will result in rates
    which are inadequate to produce a fair and reasonable profit to the companies
    represented in the filing.

APPEAL by defendant Rate Bureau and constituent insurance
companies from the Commissioner of Insurance. Order entered by

the Commissioner of Insurance 25 November 1980. Heard in the Court of Appeals 14 October 1981.

On 27 August 1980, defendant Rate Bureau made a filing on behalf of its member companies writing Workers' Compensation insurance in North Carolina seeking approval of revised Workers' Compensation insurance rates and rating values. The filing sought an overall increase of 12.4 percent in annual premium rates. The application was heard by Acting Chief Deputy Commissioner Wray, who subsequently entered his order denying the filing. From this order, defendants have appealed to this Court.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Richard L. Griffin, for plaintiff-appellee.*

*Young, Moore, Henderson & Alvis, by B. T. Henderson and George M. Teague, for defendant-appellant.*

WELLS, Judge.

The standard of appellate review in this case is to be found in the provisions of the Administrative Procedures Act, particularly G.S. 150A-51[1] and the provisions of G.S. 58-9.6.[2] *See Com-*

---

1. G.S. 150A-51. Scope of review; power of court in disposing of case. — The court may affirm the decision of the agency or remand the case for further proceedings; or it may reverse or modify the decision if the substantial rights of the petitioners may have been prejudiced because the agency findings, inferences, conclusions, or decisions are: (1) In violation of constitutional provisions; or (2) In excess of the statutory authority or jurisdiction of the agency; or (3) Made upon unlawful procedure; or (4) Affected by other error of law; or (5) Unsupported by substantial evidence admissible under G.S. 150A-29(a) or G.S. 150A-30 in view of the entire record as submitted; or (6) Arbitrary or capricious. . . .

2. G.S. 58-9.6. Extent of review under § 58-9.4. — (a) On appeal the court shall review the record and the exceptions and assignments of error in accordance with the rules of the Court of Appeals, and any alleged irregularities in procedures before the Commissioner, not shown in the record, shall be considered under the rules of the Court of Appeals. (b) So far as necessary to the decision and where presented, the court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning and applicability of the terms of any action of the Commissioner. The court may affirm or reverse the decision of the Commissioner, declare the same null and void, or remand the case for further proceedings; or it may reverse or modify the decision if the substantial rights of the appellants have been prejudiced because the Commissioner's findings, inferences, conclusions or decisions are: (1) In violation of constitutional provisions,

Comr. of Insurance v. Rate Bureau

*missioner of Insurance v. Rate Bureau,* 300 N.C. 381, 269 S.E. 2d 547 (1980), *rehearing denied,* 301 N.C. 107, 273 S.E. 2d 300 (1980). *See also Brooks v. McWhirter Grading Co., Inc.,* 303 N.C. 573, 281 S.E. 2d 24 (1981).

[1]   The principal issue presented in this appeal is whether Deputy Commissioner Wray acted in excess of his statutory authority in denying the filing on the grounds that the requested rates were inadequate. We hold that the disputed order exceeds the statutory authority of the Commissioner of Insurance. We reverse and vacate the order.

The statutory scheme under which rates for Workers' Compensation insurance were to be set at the time of the filing at issue in this case is set out in the 1979 Cumulative Supplement to Vol. 2B of the General Statutes, under Article 12B of Chapter 58 of the General Statutes.[3] For a thorough discussion of the statutory scheme for establishing Workers' Compensation insurance rates, *See Commissioner of Insurance v. Rate Bureau,* 40 N.C. App. 85, 252 S.E. 2d 811 (1979), *disc. rev. denied* 297 N.C. 452, 256 S.E. 2d 810 (1979).

Deputy Commissioner Wray's order, in pertinent part, is as follows:

FINDINGS OF FACT

1. The Bureau made a filing for revised workers' compensation insurance rates on August 27, 1980.

or (2) In excess of statutory authority or jurisdiction of the Commissioner, or (3) Made upon unlawful proceedings, or (4) Affected by other errors of law, or (5) Unsupported by material and substantial evidence in view of the entire record as submitted, or (6) Arbitrary or capricious. (c) In making the foregoing determinations, the court shall review the whole record or such portions thereof as may be cited by any party and due account shall be taken of the rule of prejudicial error. The appellant shall not be permitted to rely upon any grounds for relief on appeal which were not set forth specifically in his notice of appeal filed with the Commissioner. (d) The court shall also compel action of the Commissioner unlawfully withheld or unlawfully or unreasonably delayed. (e) Upon any appeal, the rates fixed or any rule, regulation, finding, determination, or order made by the Commissioner under the provisions of this Chapter shall be prima facie correct.

3. The 1979 Supplement to Vol. 2B indicates that Article 12B was to expire on 1 September 1980. In sec. 8 of Chapter 824 of the Session Laws, the General Assembly removed the 1 September 1980 expiration date. Article 12B, therefore, remains in effect.

2. Said filing proposed an average increase of 12.4% in the overall level of workers' compensation rates and rating values presently in force in North Carolina.

3. The filing proposes to implement a 12.4% overall rate increase effective January 1, 1981 which represents approximately a $21,800,000 increase in premiums.

. . .

17. Actuarially, the rates proposed by the filing (Exhibit RB-5) will not produce a total amount of adequate premium to cover all the cost of losses and expenses . . .

18. Exhibit RB-17 was admitted into evidence and shows a projected underwriting loss as follows:

| | |
|---|---|
| Premiums | $218,477,589 |
| Losses and Loss Adjustment Expense | 182,703,575 |
| Expenses | 55,446,138 |
| Profit and Contingencies | $(19,672,124) (a negative figure) |

. . .

25. By the uncontradicted evidence of the Bureau's own expert witness, the rate revision requested by Exhibit RB-5 will produce rates that are inadequate.

26. N.C. G.S. 58-124.19(1) requires that ". . . rates shall not be excessive, inadequate, or unfairly discriminatory."

CONCLUSION OF LAW

The rates proposed by the Filing are inadequate in contravention of N.C. G.S. 58-124.19(1), and G.S. 58-124.19(2) in that they will not produce a total amount of premium adequate to cover all the costs of losses and expenses, including due consideration of investment income earned or realized by insurers from their unearned premium, loss, and loss expense reserve funds generated from business within this State.

NOW, THEREFORE, IT IS ORDERED that the filing dated August 27, 1980 by the North Carolina Rate Bureau for Revised Workers' Compensation Insurance Rates be and the same is hereby disapproved.

It is clear that Deputy Commissioner Wray ruled that he was precluded as a matter of law from approving the filing because the rates proposed in the filing were "inadequate". Defendants contend that this is an erroneous interpretation of the power, authority, and duty of the Commissioner. Plaintiff argues that he had no choice in the matter and was compelled by the statute to disapprove the filing. We find that plaintiff has misapprehended and misunderstood the legislative intent expressed in G.S. 58-124.19(1).

In the construction of a statute, the function of a reviewing court is to discover the intent of the Legislature and to give to the words of the statute the meaning which the Legislature had in mind. *Transportation Service, Inc. v. County of Robeson*, 283 N.C. 494, 196 S.E. 2d 770 (1973). Nontechnical statutory words are to be construed in accordance with their common and ordinary meaning. *Williams v. Williams*, 299 N.C. 174, 261 S.E. 2d 849 (1979); *Transportation Services, Inc. v. County of Robeson*, supra. In declaring the true legislative intent, the Courts will adopt an interpretation which will avoid absurd or bizarre consequences, the presumption being that the legislature intended to achieve a reasonable result and that its enactment would be applied in a reasonable manner. *See Commissioner of Insurance v. Automobile Rate Office*, 294 N.C. 60, 241 S.E. 2d 324 (1977) and cases cited therein.

[2] Webster's Third New International Dictionary (unabridged) defines "adequate"[4] as: sufficient for a specific requirement, or lawfully and reasonably sufficient. "Sufficient" in turn is defined as: enough to meet the needs of a situation or a proposed end. "Inadequate" is listed as the antonym of "sufficient". "Excessive" is defined as: exceeding the usual, proper, or normal. Construing these words "inadequate" and "excessive" in their ordinary, non-technical, commonly accepted meaning and use, we are satisfied that in enacting the provisions of the G.S. 58-124.19(1), the legislative intent was that the term "inadequate" operates to protect the interest of insurance companies in achieving rate levels which are sufficient for them to earn a reasonable profit, while the term "excessive" operates to protect the interest of consumers in being offered rates which will not enable insurance

---

4. Inadequate being the antonym of adequate.

companies to earn unreasonable profits. *See Commissioner of Insurance v. Rate Bureau,* 40 N.C. App. 85, supra. In this context, we are satisfied that the limiting effect of the term "inadequate" as it is used in the statute is that the Commissioner may not disapprove of such portions or parts of a filing as will result in rates which are inadequate to produce a fair and reasonable profit to the companies represented in the filing. *See Commissioner of Insurance v. Rate Bureau,* 40 N.C. App. 85, supra. The findings of fact in this case showing that the filed rates are inadequate to produce any profit, it follows *a fortiori* that the filed rates cannot be excessive.

An additional reason for rejecting the reasoning of the plaintiff in this case is the bizarre result reached by the order. Upon concluding that the filing must be rejected because the requested rates are "inadequate", plaintiff would leave in effect rates which are even more inadequate. We cannot believe that the legislature even contemplated such a result.

The pertinent findings of fact made by the Deputy Commissioner are not challenged in this appeal and therefore the question before this Court is whether those findings support the conclusion and order of the Deputy Commissioner. *Henson v. Jefferson,* 287 N.C. 422, 215 S.E. 2d 102 (1975). We hold these findings of fact support only one valid conclusion of law: the filing must be approved.

We do not deem it necessary or appropriate to reach the other assignments of error brought forth in this appeal.

The order of 25 November 1980 disapproving the filing by the rate bureau is reversed and vacated; the rates and rating values proposed therein are deemed approved. *Commissioner of Insurance v. Rate Bureau,* 40 N.C. App. 85, supra.

Reversed and vacated.

Judges MARTIN (Robert) and WEBB concur.