State ex rel. Commissioner of Insurance v. N. C. Rate Bureau

mal work routine or the introduction of new circumstances not part of the usual work routine, *Dyer v. Livestock, Inc.*, 50 N.C. App. 291, 273 S.E. 2d 321 (1981); *Reams v. Burlington Industries*, 42 N.C. App. 54, 255 S.E. 2d 586 (1979), the combined extra exertion and twisting movements required by the hot box job do support the conclusion that plaintiff's injury resulted from an unexpected and unforeseen event not anticipated or designed by the employee. *Harding v. Thomas & Howard Co.*, 256 N.C. 427, 124 S.E. 2d 109 (1962). The work routine of plaintiff's lifting chairs with his upper torso in a straight posture was interrupted by the introduction of the turning and twisting movements required by the hot box job. We hold that the Commission properly concluded as a matter of law that plaintiff sustained an injury by "accident." *Gladson v. Piedmont Stores*, 57 N.C. App. 579, 292 S.E. 2d 18 (1982); *Locklear v. Robeson County, supra; Porter v. Shelby Knit, Inc., supra.*

We have carefully examined defendants' other contentions, and we find no basis for reversal. The Opinion and Award of the Industrial Commission is

Affirmed.

Judges HEDRICK and WHICHARD concur.

---

STATE OF NORTH CAROLINA EX REL. COMMISSIONER OF INSURANCE, APPELLEE v. NORTH CAROLINA RATE BUREAU, NORTH CAROLINA REINSURANCE FACILITY, NATIONWIDE MUTUAL INSURANCE COMPANY, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, THE AETNA CASUALTY AND SURETY COMPANY, LUMBERMENS MUTUAL CASUALTY COMPANY, GREAT AMERICAN INSURANCE COMPANY, THE TRAVELERS INDEMNITY COMPANY AND UNITED STATES FIRE INSURANCE COMPANY, APPELLANTS

No. 8210INS284

(Filed 15 March 1983)

Insurance § 79.1— automobile insurance—rate filing—no authority by hearing officer to enter final order

The Commissioner of Insurance had no authority to designate a hearing officer who was a Deputy Commissioner of Insurance as the official to make

the final agency decision on a filing by the N. C. Rate Bureau for a revised safe driver plan, and an order signed by the hearing officer disapproving the filing was null and void *ab initio.* Therefore, where the 90-day deadline of G.S. 58-124.21(a) for the Commissioner of Insurance to make an order of disapproval of a proposal for decision made by a hearing officer has expired, the filing is deemed approved. G.S. 150A-33; G.S. 150A-34(a).

APPEAL by defendants from Order of North Carolina Deputy Commissioner of Insurance entered 29 December 1981. Heard in the Court of Appeals 7 February 1983.

In 1981 the General Assembly amended the language of G.S. 58-30.4. The amendment deals with the apportionment and assignment of points under the Safe Driver Insurance Plan. The North Carolina Rate Bureau in response to the amendment made its Filing with the Commissioner of Insurance on 30 September 1981 for a revised safe driver insurance plan. "Simply put, [say the appellants] the Filing changed the plan of assigning *all* of the points of *all* drivers to a single vehicle and provided a method of apportioning the points to the various cars insured under each policy."

The Commissioner of Insurance, on 30 October 1981, issued his notice of public hearing on the Filing of the Rate Bureau, pursuant to G.S. 58-124.21. The Notice alleges that the Filing did not comply with the 1981 amendment to G.S. 58-30.4.

After an evidentiary hearing, an order was issued by Hearing Officer Thomas B. Sawyer on 29 December 1981. The order disapproved the Filing and required the submission of a revised plan. All defendants appeal.

*Attorney General Rufus L. Edmisten by Special Deputy Attorney General Isham B. Hudson, Jr., for plaintiff appellee.*

*Young, Moore, Henderson & Alvis by R. Michael Strickland and Charles H. Young, Jr., for defendant appellants.*

BRASWELL, Judge.

This appellate review is governed by the standards set out in G.S. 58-9.6 of the Insurance Law, Chapter 58 of the North Carolina General Statutes and by the provisions of the Administrative Procedure Act, in particular G.S. 150A-51. *See Comr. of Insurance v. Rate Bureau,* 54 N.C. App. 601, 602, 284 S.E. 2d

339, 340 (1981), *disc. rev. denied*, 305 N.C. 298, 290 S.E. 2d 708 (1982).

From among the various questions presented for review, we choose to discuss Assignment of Error No. 9. Our ruling upon it is dispositive of the entire appeal.

Defendants assign as error the action of the Hearing Officer in entering the order of 29 December 1981. The grounds, among others, are that the order "was erroneous as a matter of law," and "was beyond the statutory authority and jurisdiction of the Hearing Officer." The order of 29 December 1981 was signed by Thomas B. Sawyer, with these words following the signature: "Deputy Commissioner of Insurance and Designated Hearing Officer Presiding and Designated to Make the Final Agency Decision." Elsewhere the record is void of any reference or any evidence of Hearing Officer Thomas B. Sawyer's authority to make the final order.

The appellants do not dispute that Thomas B. Sawyer is a Deputy Commissioner of Insurance, nor do they dispute the statutory authority of the Commissioner of Insurance, who himself signed the notice of public hearing, to designate Sawyer as the hearing officer in this case. Indeed, G.S. 58-9.2 provides that, "All . . . hearings . . . may be conducted by the Commissioner personally or by one . . . of his deputies . . . designated by him for the purpose." Since the Department of Insurance is an "agency" subject to the provisions of the North Carolina Administrative Procedure Act, *Comr. of Insurance v. Rate Bureau*, 300 N.C. 381, 269 S.E. 2d 547, *reh. dismissed*, 301 N.C. 107, 273 S.E. 2d 300 (1980), an agency is also authorized to designate a hearing officer to handle contested cases pursuant to the provisions of the Act, G.S. 150A-32. Although the office of Commissioner of Insurance is one created by Article III, sec. 7(1), of the North Carolina Constitution, his "power and authority . . . emanate from the General Assembly and are limited by legislative prescription. The only power he has to fix rates is such power as the General Assembly has delegated to and vested in him." *Comr. of Insurance v. Automobile Rate Office*, 287 N.C. 192, 202, 214 S.E. 2d 98, 104 (1975). A hearing officer is a creature of the statutes, G.S. 150A-32. Because the Commissioner and hearing officer may act only as the legislature has prescribed, we now ex-

amine the powers and duties of each in connection with contested cases of rate hearings.

When a revised classification and rate plan change is filed, the last sentence in G.S. 58-30.4 provides that "the filing, hearing, disapproval, review and appeal procedures before the Commissioner and the courts" shall be subject to the procedures "as provided for rates and classification plans in G.S. 58-124.20, 58-124.21, and 58-124.22." Of these statutes, only G.S. 58-124.21(a) speaks to any duty of the Commissioner relevant to our present subject. The statute declares that once there has been a filing and once there has been notice given by the Commissioner, there must be a hearing. The next part of the statute, very pertinent here, provides that:

> "If *the Commissioner* after hearing finds that the filing does not comply with the provisions of this Article, *he* may issue *his* order determining wherein and to what extent such filing is deemed to be improper and fixing a date thereafter, within a reasonable time, after which such filing shall no longer be effective. Any *order of disapproval* under this section must be entered within 90 days of the date such filing is received by the Commissioner." (Emphasis added.)

When an agency of state government determines to use the services of a hearing officer, it is G.S. 150A-33 that prescribes his powers. The powers are limited to six categories: administering oaths, signing and issuing subpoenas, taking depositions, regulating the course of hearings, providing for pretrial conferences of parties to simplify issues, and making application to the court for a contempt order. Under the Administrative Procedure Act, when the services of a hearing officer are used, there must be a "proposal for decision" by the hearing officer. G.S. 150A-34(a) clearly states:

> "When the official . . . who [is] to make a final decision [has] not heard a contested case, the decision shall not be made until a proposal for decision is served on the parties, and an opportunity is given to each party to file exceptions and proposed findings of fact and to present oral and written arguments to the officials who are to make the decision."

Section (b) of the same statute requires that the proposal for decision contain findings of fact and conclusions of law and be prepared by the person who conducted the hearing.

Thus, reading these various statutes together and applying the law to the facts before us, we find that it was the duty of Hearing Officer Thomas B. Sawyer to go no further than to make a proposal for decision in this case to the Commissioner of Insurance himself (or his Chief Deputy appointed under G.S. 58-7.1). By the specific wording of G.S. 58-124.21(a) it then became the duty of the Commissioner to review the submitted proposal for decision and thereafter to decide for himself "wherein and to what extent such filing is deemed to be improper." The Commissioner has a statutory deadline of 90 days from date of filing in which to make his order of disapproval.

When the Commissioner of Insurance delegated to his appointed hearing officer the power to make the final agency decision, the Commissioner made an unlawful delegation of his powers. *See* G.S. 58-9.6(b)(2) and G.S. 150A-51(2). The record before us shows affirmatively and specifically that the Commissioner of Insurance has not carried out the duties given him by the General Assembly. *See Comr. of Insurance v. Rate Bureau, supra,* 54 N.C. App. 601, 284 S.E. 2d 339; *Comr. of Insurance v. Rate Bureau,* 43 N.C. App. 715, 259 S.E. 2d 922 (1979), *disc. rev. denied,* 299 N.C. 735, 267 S.E. 2d 670 (1980); *Lanier, Comr. of Insurance v. Vines,* 274 N.C. 486, 164 S.E. 2d 161 (1968).

We hold as follows: The Commissioner of Insurance had no statutory authority to designate Thomas B. Sawyer, a Deputy Commissioner of Insurance and Hearing Officer, as the official to make the final agency decision. The Order entered by Thomas B. Sawyer dated 29 December 1981, exceeded his authority; and, therefore, we declare the order null and void *ab initio*. By attempting to do what he has no power to do, the Commissioner of Insurance has abdicated what authority remains his to exercise under G.S. 58-124.21. The 90-day deadline has expired. Therefore, the Order of the Commissioner is vacated, and the Filing of the Bureau, having never been disapproved as provided by the statute, by the very terms of the statute remains in effect. *Comr. of Insurance v. Rate Bureau, supra,* 43 N.C. App. at 721, 259 S.E. 2d at 926. The rates filed are deemed approved. *Comr. of In-*

*surance v. Rate Bureau, supra,* 54 N.C. App. at 606, 284 S.E. 2d at 343.

Reversed and vacated.

Chief Judge VAUGHN and Judge WELLS concur.