506 COURT OF APPEALS [61

State ex rel. Commissioner of Insurance v. N. C. Rate Bureau

STATE OF NORTH CAROLINA, EX REL. COMMISSIONER OF INSURANCE v.
NORTH CAROLINA RATE BUREAU, AETNA CASUALTY AND SURETY
COMPANY, LIBERTY MUTUAL INSURANCE COMPANY, LIBERTY
MUTUAL FIRE INSURANCE COMPANY, AMERICAN MUTUAL LIABIL-
ITY INSURANCE COMPANY, HOME INSURANCE COMPANY, HOME IN-
DEMNITY INSURANCE COMPANY, STANDARD FIRE INSURANCE
COMPANY, LUMBERMENS MUTUAL CASUALTY COMPANY, NATION-
WIDE MUTUAL INSURANCE COMPANY, UNITED STATES FIDELITY
AND GUARANTY, AMERICAN MOTORISTS INSURANCE COMPANY,
FIDELITY AND GUARANTY INSURANCE UNDERWRITERS,
MARYLAND CASUALTY COMPANY, TRAVELERS INSURANCE COM-
PANY, TRAVELERS INDEMNITY COMPANY, TRAVELERS INDEMNITY
COMPANY OF RHODE ISLAND AND PENNSYLVANIA NATIONAL
MUTUAL CASUALTY INSURANCE COMPANY

No. 8210INS428

(Filed 5 April 1983)

**Master and Servant § 80— workers' compensation insurance—rate filing—no
authority by hearing officer to enter final order**

The Commissioner of Insurance had no authority to designate a hearing
officer who was a Deputy Commissioner of Insurance as the official to make
the final agency decision on a filing by the N.C. Rate Bureau for workers' com-
pensation rates, and an order signed by the hearing officer disapproving the
proposed rates for the industrial classification and approving only a portion of
the rate increase for the "F" classifications was null and void *ab initio*.
Therefore, where the 90-day deadline of G.S. 58-124.21 for the Commissioner of
Insurance to make an order of disapproval of a proposal for decision made by a
hearing officer has expired, the filing is deemed approved.

Judge WELLS concurring.

APPEAL by defendants from Order of North Carolina Deputy
Commissioner of Insurance entered 1 December 1981. Heard in
the Court of Appeals 9 March 1983.

This appeal arises out of the filing made on 26 August 1981
by the defendant, North Carolina Rate Bureau (Rate Bureau) on
its own behalf and on behalf of its member companies writing
workers' compensation insurance in North Carolina seeking ap-
proval of revised workers' compensation insurance rates and
rating values.

The Commissioner of Insurance on 25 September 1981 issued
his notice of public hearing on the filing of the Rate Bureau, pur-
suant to G.S. 58-124.21. The notice alleges that the filing fails to

comply with the provisions of Article 12B of Chapter 58 of the North Carolina General Statutes in various respects.

Following an evidentiary hearing an order was issued by Hearing Officer Thomas B. Sawyer on 1 December 1981. The order disapproved the entire rate increase set forth in the filing for the industrial classifications and approved a portion of the rate increase for the "F" classification. All defendants appeal.

*Attorney General Edmisten, by Special Deputy Attorney General Isham B. Hudson, Jr., for plaintiff appellee.*

*Young, Moore, Henderson & Alvis, by Charles H. Young and George M. Teague, for defendant appellants.*

JOHNSON, Judge.

Appellate review of this case is governed by the standards set forth in G.S. 58-9.6 of the Insurance Law, Chapter 58 of the North Carolina General Statutes and by the provisions of the Administrative Procedure Act, in particular G.S. 150A-51.[1] *See Com'r of Insurance v. Rate Bureau,* 300 N.C. 381, 269 S.E. 2d 547, *reh. denied,* 301 N.C. 107, 273 S.E. 2d 300 (1980); *Comr. of Insurance v. Rate Bureau,* 54 N.C. App. 601, 284 S.E. 2d 339 (1981), *disc. rev. denied,* 305 N.C. 298, 290 S.E. 2d 708 (1982).

Appellants have assigned as error the entry of the order, most of the findings and conclusions therein, many of the hearing

---

1. G.S. 58-9.6(b) provides in pertinent part: The court may affirm or reverse the decision of the Commissioner, declare the same null and void, or remand the case for further proceedings; or it may reverse or modify the decision if the substantial rights of the appellants have been prejudiced because the Commissioner's findings, inferences, conclusions or decisions are: (1) In violation of constitutional provisions or (2) In excess of statutory authority or jurisdiction of the Commissioner, or (3) Made upon unlawful proceedings, or (4) Affected by other errors of law, or (5) Unsupported by material and substantial evidence in view of the entire record as submitted, or (6) Arbitrary or capricious.

G.S. 150A-51. The court may affirm the decision of the agency or remand the case for further proceedings; or it may reverse or modify the decision if the substantial rights of the petitioners may have been prejudiced because the agency findings, inferences, conclusions, or decisions are: (1) In violation of constitutional provisions; or (2) In excess of the statutory authority or jurisdiction of the agency; or (3) Made upon unlawful procedure; or (4) Affected by other error of law; or (5) Unsupported by substantial evidence admissible under G.S. 150A-29(a) or G.S. 150A-30 in view of the entire record as submitted; or (6) Arbitrary or capricious . . .

officer's evidentiary rulings and the failure of the hearing officer and Commissioner to take certain actions. Twenty questions are presented for review. We need address only appellants' Assignment of Error No. 29 as our ruling upon it is dispositive of the entire appeal.

Appellants assign as error the action of the hearing officer in entering the order of 1 December 1981, and argue that the order is fatally defective because the hearing officer lacks authority to enter a final order under the provisions of Chapters 58 and 150A of the North Carolina General Statutes. The order of 1 December 1981 was signed by Thomas B. Sawyer. Following his signature are these words: "Deputy Commissioner of Insurance and Designated Hearing Officer Presiding and Designated to make the Final Agency Decision." Apart from this reference, no recital of the hearing officer's authority to make the final order appears either in the order itself or elsewhere in the record.

The appellants do not dispute the Commissioner's authority to designate Deputy Commissioner Sawyer as the hearing officer in this case. Both G.S. 58-9.2 and G.S. 150A-32 recognize the right of the Commissioner of Insurance to designate other persons to serve as hearing officers. However, appellants do dispute the Commissioner's attempt to delegate to Deputy Commissioner Sawyer the authority to make the final agency decision in this matter.

In *State of North Carolina Ex Rel. Commissioner of Insurance v. North Carolina Rate Bureau*, 61 N.C. App. 262, 300 S.E. 2d 586 (1983) this Court recently examined the respective powers and duties of the Commissioner of Insurance and his designated hearing officer in the review of filed rates and entry of a final agency decision in a contested insurance rate case. We found the proper statutory allocation of authority and procedure to be as follows: (1) the powers and duties of both the Commissioner of Insurance and the designated hearing officer are limited by legislative prescription;[2] (2) once there has been a filing, notice

2. In *Comr. of Insurance v. Automobile Rate Office*, 287 N.C. 192, 202, 214 S.E. 2d 98, 104 (1975) the court stated that although the Commissioner's office is created by the North Carolina Constitution, his power and authority emanate from the General Assembly and are limited by legislative prescription. The only power he has to fix rates is such power as the General Assembly has delegated to and vested

and a hearing conducted, G.S. 58-124.21(a) provides that the Commissioner may issue his order disapproving the filing and fixing a date after which such filing shall no longer be effective, with a statutory deadline of 90 days from the date of filing in which the Commissioner is to make his order of disapproval;[3] (3) when an agency of state government determines to use the services of a hearing officer G.S. 150A-33 limits his powers to six prescribed categories which do not include the power to issue a final agency decision;[4] and (4) under the Administrative Procedure Act, when the hearing is conducted by a person other than the official who is to make a final decision, G.S. 150A-34(b) requires the person who conducted the hearing to make a "proposal for decision" containing findings of fact and conclusions of law. Section (a) of the same statute provides for service on the parties of the proposed decision and the opportunity to file exceptions, propose findings and present arguments "to the officials who are to make the decision."

Based upon these various statutes we concluded that (1) it was the duty of the hearing officer to go no further than to make a proposal for decision to the Commissioner of Insurance himself (or his chief deputy appointed under G.S. 58-7.1); (2) it then became the duty of the Commissioner to review the submitted proposal for decision and thereafter decide for himself "wherein and to what extent such filing is deemed to be improper;" and (3) when the Commissioner of Insurance delegated to his appointed hearing officer the power to make the final agency decision, the Commissioner made an unlawful delegation of power in excess of his statutory authority. Accordingly we held (1) that the order

_____

in him. A hearing officer designated to conduct hearings in contested cases is a creature of the statutes, G.S. 150A-32, and he too may act only as the legislature has prescribed.

3. G.S. 58-124.21(a) states in pertinent part: If the Commissioner after hearing finds that the filing does not comply with the provisions of this Article, he may issue his order determining wherein and to what extent such filing is deemed to be improper and fixing a date thereafter, within a reasonable time, after which such filing shall no longer be effective. Any order of disapproval under this section must be entered within 90 days of the date such filing is received by the Commissioner.

4. The six categories listed in G.S. 150A-33 are: Administering oaths, signing and issuing subpoenas, taking depositions, regulating the course of hearings, providing for pre-trial conferences of parties to simplify issues, and making application to the court for contempt orders.

entered by the hearing officer pursuant to this unlawful delegation was void *ab initio;* (2) that the filing of the Rate Bureau, never having been disapproved as provided by G.S. 58-124.21, remained in effect; and (3) that the rates filed were deemed to be approved because the 90-day deadline for the Commissioner to issue an order of disapproval had expired.

For the reasons set forth in that opinion, we hold that the order entered 1 December 1981 by Thomas B. Sawyer, a Deputy Commissioner of Insurance and Hearing Officer in this contested case, is void *ab initio* as the delegation of power to him to make the final agency decision was in excess of the Commissioner's statutory authority. Therefore, the order of the Commissioner disapproving the workers' compensation insurance rate increase for the industrial classification and approving only a portion of the rate increase for the "F" classifications proposed in the Rate Bureau's filing is reversed and vacated and the rates proposed therein are deemed approved. *See Comr. of Insurance v. Rate Bureau, supra,* 54 N.C. App. at 606, 284 S.E. 2d at 343; *Commissioner of Insurance v. Rate Bureau,* 40 N.C. App. 85, 108, 252 S.E. 2d 811, 826, *cert. denied,* 297 N.C. 452, 256 S.E. 2d 810 (1979). The portion of the premium escrowed by the member insurance companies in the escrow account pursuant to G.S. 58-124.22(b) shall be distributed to the insurance companies for whose account it was escrowed by the escrow agents.

Reversed and vacated.

Judges WELLS and PHILLIPS concur.

Judge WELLS concurring.

We have overruled the Commissioner of Insurance once again, this time on narrow procedural, but clearly correct, grounds. Our insurance laws are cumbersome and confusing; their administration is often ineffective. North Carolina consumers of insurance protection — who pay both the costs of insurance itself and their share of the cost of insurance regulation — are not being served. The need for reform of our insurance laws is obvious and corrective action is overdue.